IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID LANKFORD and
LEE ANN LANKFORD,

        Plaintiffs,

v.                                                          1:15-cv-01013-JCH-LF

JUDITH A. WAGNER, Chapter 11 Trustee of the
Bankruptcy Estate of the Vaughan Company, Realtors,
ARLAND & ASSOCIATES, LLC,
JAMES A. ASKEW, EDWARD A. MAZEL, and
DANIEL WHITE, of Askew & Mazel, LLC,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me on the Order of Reference by the Honorable Judge Judith C. Herrera (Doc. 44), filed July 1, 2016, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend an ultimate disposition of this case to the Court.

On December 7, 2015, plaintiffs David and Lee Ann Lankford filed a *pro se* amended complaint alleging violations of 18 U.S.C. § 1001(a)(1)–(a)(3); seeking relief from several orders of the United States Bankruptcy Court for the District of New Mexico pursuant to Federal Rule of Civil Procedure 60(d)(3); and seeking compensatory and punitive damages.  Doc. 4.  Pending before the Court are defendants Wagner, Askew, Mazel, White, and Askew & Mazel, LLC's (collectively "A&M Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or a motion for summary judgment pursuant to Rule 56 (Doc. 6); defendant Arland & Associates, LLC's ("A&A") motion to dismiss pursuant to Rule 12(b)(5) (Doc. 13); the A&M

Defendants' motion to strike the second amended complaint (Doc. 29 (joined by A&A in Doc. 30)); and the Lankfords' motion for leave to file a second amended complaint (Doc. 31). All of these motions are opposed and have been fully briefed by the parties.

Because the Lankfords proceed pro se, I must construe their pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

Having reviewed the submissions of the parties, the relevant law, and being otherwise fully advised, I recommend that the Court grant the defendants' motion to dismiss for lack of subject matter jurisdiction, grant the motion to strike the second amended complaint, and deny the Lankfords' motion to file a second amended complaint because the amendment would be futile.

I.   **Background**

The factual and procedural history of the dispute between these parties is nothing short of convoluted. It is undisputed that Judith Wagner was duly appointed as the Chapter 11 Trustee for the Vaughn Company Realtors' bankruptcy estate. A&A, and later the A&M Defendants, were both approved as general bankruptcy counsel for the Trustee. Wagner brought an

adversary proceeding against the Lankfords, Adversary Proceeding No. 12-1139 U.S.B.C. for the District of New Mexico, seeking to avoid and recover certain fraudulent transfers to the Lankfords pursuant to the avoidance powers granted to the Trustee under 11 U.S.C. §§ 544 and 548.  The bankruptcy court eventually granted the Trustee's motions for summary judgment against the Lankfords.

In bankruptcy court, the Lankfords filed a motion for leave to file a counterclaim against the Trustee (BK Doc. 75)[1], which the court denied (BK Doc. 81); a second motion for leave to file a claim against Wagner, the other A&M Defendants, and A&A (BK Doc. 103), which the court denied (BK Doc. 110); a motion to change post-judgment interest start date (BK Doc. 107), which the court denied (BK Doc. 111); and a motion to vacate "Final Summary Judgments" (BK Doc. 114), which the court also denied (BK Doc. 116).

The Lankfords then appealed the matter to the United States District Court for the District of New Mexico, *Lankford et al v. Wagner*, 1:14-cv-01153-RB-CG.  On appeal, the Lankfords asked this Court to "vacate the MSJ's and go to trial," arguing that they had been denied due process.  Doc. 4.  The Court rejected the Lankfords' contentions and denied the appeal.  *Id.*  The Lankfords did not appeal this denial to the Tenth Circuit.

At no time did the Lankfords appeal the bankruptcy judge's orders denying their motions to file a claim against the Trustee.  The Lankfords explained that "[a]n appeal of the Lankfords' case to a corrupt and biased court seemed to be a waste of time and money . . . leaving them no option other than to file the Amended Complaint for fraud on the court."  Doc. 11 at 3.

---

[1] "BK Doc." refers to documents filed in the bankruptcy case, *Wagner et al. v. Lankford et al*, 12-01139-j.

The Lankfords now contend, in their operative amended complaint (Doc. 4), that this Court, the Bankruptcy Court, and the defendants are engaged in corruption and have committed frauds upon the Court in violation of 18 U.S.C. § 1001(a)(1)–(a)(3).

## II.     Criminal Claims and Judicial Immunity

As an initial matter, I note *sua sponte* that "[s]tatutory provisions may . . . codify existing rights or powers.  Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 207–08 (1989).  Section 1001(a) of Title 18, United States Code authorizes criminal, not civil, penalties.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," and cannot base a claim for which relief can be granted on criminal statutes.  *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quotation omitted).  The Lankfords do not have the power to bring criminal charges.  No amount of factual amendment will convert these claims from criminal charges into a civil cause of action.  Therefore, to the extent that the Lankfords' claims are based on 18 U.S.C. § 1001(a), I recommend that the Court dismiss these claims with prejudice.

Further, the Lankfords attempt to allege misconduct by and assert claims against the bankruptcy court, the bankruptcy judge, the district court, a United States district judge, and a United States magistrate judge.  Doc. 4 (Counts 3, 8, 9, 14, 15, 18, and 20).  These individuals and entities are not listed as defendants and none have been served.  However, to the extent that the Lankfords attempt to assert claims against them, I recommend that the Court find such claims barred by judicial immunity and dismiss these claims with prejudice.

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously or corruptly").  The only circumstances under which a judge is not immune are (a) nonjudicial actions; and (b) when the judge acts "in the complete absence of all jurisdiction." *Id.* at 11–12.  The exceptions do not apply here.  Accordingly, the judges and courts are immune from suit.

Because I am required to make allowances for the Lankfords' confusion of various legal theories, *Garrett*, 425 F.3d at 840, I assume without deciding that the Lankfords' claims could be based on other theories and thus address the pending motions.

### III.   Motions to Dismiss and/or for Summary Judgment

The A&M Defendants filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and/or a motion for summary judgment under Rule 56, and/or dismissal under any other relevant law.  Doc. 6.  A&A joined the motion.  Doc. 13.  The A&M Defendants cite *Barton v. Barbour*, 104 U.S. 126, 136 (1881), for the proposition that the Lankfords were required to seek and receive the bankruptcy court's permission before suing the Trustee or her counsel for actions taken in the course of their official duties.  Because I agree that *Barton* precludes claims against the A&M Defendants and recommend that the Court grant the motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, I do not reach the A&M Defendants' alternative motion for summary judgment under Rule 56.

Additionally, because I conclude that *Barton* applies equally to A&A, I do not reach A&A's motion to dismiss under Rule 12(b)(5).

Rule 12(b)(1) allows a court to dismiss a complaint for "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971). Jurisdiction is a threshold matter. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998). As it relates to subject matter jurisdiction, courts have broad discretion to consider evidence outside the pleadings, and such consideration ordinarily does not convert the motion to a motion for summary judgment under Rule 56. *Holt v. United States*, 46 F.3d at 1000, 1003 (10th Cir. 1995). A dismissal for lack of jurisdiction is generally without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

*Barton* requires that a would-be plaintiff seek leave of the court that appointed the trustee before bringing suit against him or her. *Satterfield v. Malloy*, 700 F.3d 1231, 1234–35 (10th Cir. 2012); *see also Barton*, 104 U.S. at 128. *Barton* protections extend to the trustee's counsel where "counsel for the trustee . . . act[s] at the direction of the trustee and for the purpose of administering the estate or protecting its assets." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993). "[T]he *Barton* doctrine is jurisdictional in nature." *Satterfield*, 700 F.3d at 1234 (citing *Barton*, 104 U.S. at 131 (without leave of the appointing court, another court has "no jurisdiction to entertain a suit" against a receiver)). While *Barton* does not apply if the trustee "takes possession of property belonging to another," thereby acting ultra vires, *id.* at 1235 (quoting *Barton*, 104 U.S. at 134), bankruptcy trustees are expressly authorized to pursue avoidance actions—like this one—to recover money or property from fraudulent transfers, *see*

11 U.S.C. § 548(a) (authorizing a trustee to avoid fraudulent transfers and obligations); 11 U.S.C. §§ 323(b), 704 (giving trustee power to sue third parties and charging trustee with the duty to collect and liquidate the property of the bankruptcy estate).

The Lankfords previously sought and were denied leave from the bankruptcy court to bring claims against Wagner. BK Docs. 81, 103. The Lankfords admit that, in this instance, they neither sought nor received leave to bring claims against the A&M Defendants or A&A. Doc. 11 at 2. The question, then, is whether these claims fall within the *Barton* bar.

There is no contention that the A&M Defendants or A&A seized assets belonging to the Lankfords. Rather, the Trustee, through counsel, filed an avoidance action against the Lankfords that resulted in final adjudication of a money judgment by the bankruptcy court. The court concluded that the Lankfords had to pay money back to the bankruptcy estate. Neither the Trustee nor her counsel independently took possession of assets not belonging to the estate. Therefore, *Barton* applies.

With respect to A&A, Askew, Mazel, White, or Askew & Mazel, LLC, the Lankfords do not and cannot claim that any of these defendants acted ultra vires by taking possession of property belonging to another. Each of the counts in the amended complaint addresses actions taken before the bankruptcy court during the adversarial proceeding and on behalf of Wagner as Trustee. *See* Doc. 4 *passim*. Because *Barton* applies to the Trustee's counsel, through *DeLorean Motor*, the *Barton* doctrine bars these claims because the Lankfords did not first seek and obtain permission from the bankruptcy court to bring them, and the claims all relate to counsel's actions on behalf of the Trustee in the course of her official duties. I recommend that the Court dismiss all claims against these defendants for lack of subject matter jurisdiction. *See Satterfield*, 700 F.3d at 1234.

With respect to Wagner, the Lankfords allege misconduct in the course of her official duties but do not claim that she took assets that did not belong to the bankruptcy estate. Again, the *Barton* doctrine applies, and the Lankfords failed to obtain permission from the bankruptcy court to bring claims against the Trustee for her actions as Trustee. Accordingly, I recommend that the Court dismiss all claims against Wagner for lack of subject matter jurisdiction. *See id.* More specifically, I recommend that the Court grant the A&M Defendants' motion to dismiss for lack of jurisdiction (Doc. 6), grant A&A's joinder in that motion (Doc. 13), and dismiss all claims against the A&M Defendants and against A&A for lack of subject matter jurisdiction.

## IV.     Motion to Strike Second Amended Complaint

On February 26, 2016, the Lankfords filed a second amended complaint without seeking leave of Court. Doc. 28. The A&M Defendants filed a motion to strike the second amended complaint (Doc. 29), which was joined by A&A (Doc. 30).

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, the Lankfords filed their initial complaint on November 6, 2015. Doc. 1. Before any of the defendants appeared or responded, the Lankfords filed an amended complaint, under Rule 15(a)(1), on December 7, 2015. Doc. 4. The A&M Defendants filed their motion to dismiss and/or for summary judgment on January 6, 2016. Doc. 6. Even if the federal rules allowed the Lankfords to file a second amended complaint without leave of Court—which they do not—Rule 15(a)(1)(B) makes clear that the 21-day clock started on January 6, 2016. The second amended complaint was not filed until

8

February 26, 2016—more than forty-five days after the motion to dismiss.  Therefore, the second amended complaint could not be filed as a matter of course under Rule 15(a)(1).

Rule 15(a)(2) provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Here, the Lankfords did not seek the A&M Defendants' or A&A's consent before filing the second amended complaint.  Additionally, the Lankfords did not seek leave of Court before filing.  The Lankfords failed to comply with Rule 15(a)(2).

In response to the motion, the Lankfords attempt to argue that they reserved the right to amend the original complaint at any time.  Doc. 32 at 1.  While this statement does appear in the amended complaint, Doc. 4 at ¶ 9, it has no legal effect and does not override the Federal Rules of Civil Procedure.  *Pro se* litigants are required to "follow the same rules of procedure that govern other litigants."  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Therefore, I recommend that the Court grant the A&M Defendants' motion to strike the second amended complaint for failure to comply with the Federal Rules of Civil Procedure.

## V.       Motion to Amend Complaint

After A&A and the A&M Defendants moved to strike the Lankfords' unauthorized second amended complaint, the Lankfords filed a motion for leave to amend.  Doc. 31.  Motions to amend are governed by Rules 15 and 16.[2]  "Rule 15(a)(2) provides that once the deadline for amendment as a matter of course has passed, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'"  *Birch v. Polaris Indus.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting FED. R. CIV. P. 15(a)(2)).  District courts "should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  Courts should deny leave to amend

---

[2] Because the Court never entered a scheduling order in this case, the Rule 16 standard does not apply.

when "amendment would be futile." *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Serv.*, 175 F.3d 848, 859 (10th Cir. 1999).  An amendment is "futile" if the pleading "as amended, would be subject to dismissal." *In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. 571, 579–80 (D.N.M. 2010).

In the proposed second amended complaint, the Lankfords again ask the Court to grant relief from the bankruptcy court's orders, under Federal Rule of Civil Procedure 60(d)(3).  The Court does not have the authority to grant a Rule 60 motion to alter judgment of a separate court in a different action.  The appropriate place to bring such a request was to the bankruptcy court under Federal Rule of Bankruptcy Procedure 9024.  The Lankfords' request under Rule 60 is futile because this Court cannot grant the relief they request.

The Lankfords again propose to bring claims under 18 U.S.C. § 1001(a)(1)–(a)(3) in their proposed second amended complaint.  As previously discussed, civil litigants do not have the authority to bring criminal charges.  Additionally, the Lankfords again allege claims against the bankruptcy court, the bankruptcy judge, a United States district judge, and a United States magistrate judge.  All of these judicial officers are absolutely immune for their actions in the underlying case, which were taken in their judicial capacity and within the scope of their authority.  These claims should not be permitted.

Finally, the Lankfords seek to add a claim against the A&M Defendants and A&A under 42 U.S.C. § 1983 for the deprivation of rights under the color of law.  Section 1983 only authorizes suits against persons acting under color of state law.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).  The state action doctrine requires that "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and "the party charged

with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  While private persons can be said to act "under color of state law if they are jointly engaged with state officials in the challenged action, . . . private conduct that is not fairly attributable to the State is simply not actionably under § 1983, however discriminatory or wrongful the conduct is."  *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).

   Here, the Lankfords seek to hold the Trustee in a federal bankruptcy action and the attorneys representing her liable under § 1983.  The problem is that none of the defendants acted with or under the color of any state law.  Even if the defendants in fact did everything the Lankfords accuse them of, § 1983 offers no relief because the defendants' conduct is not fairly attributable to the state and is thus not actionable under this statute.

   The proposed second amended complaint would be subject to dismissal for failure to state a claim under 42 U.S.C. § 1983 claim, and for the reasons discussed above relating to all of the other claims.  Thus, the proposed amendment would be futile.  *In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. at 579–80.  I recommend that the Court deny the Lankfords' motion to amend.

## VI.   Recommendation

   As explained above, the Lankfords' claims are barred by the prohibition on civil litigants bringing criminal charges, judicial immunity, and the *Barton* doctrine.  The Lankfords failed to seek leave to amend their complaint, and the proposed second amended complaint is futile because it would be subject to dismissal.

IT IS THEREFORE RECOMMENDED that the Court grant the A&M Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 6), as joined by A&A (Doc. 13), and dismiss the amended complaint without prejudice.

IT IS FURTHER RECOMMENDED that the Court *sua sponte* dismiss the claims, if any, against the judicial officers and courts with prejudice.

IT IS FURTHER RECOMMENDED that the Court *sua sponte* dismiss the claims for criminal prosecution under 18 U.S.C. § 1001(a)(1)–(a)(3) with prejudice.

IT IS FURTHER RECOMMENDED that the Court grant the A&M Defendants' motion to strike the second amended complaint (Doc. 29), as joined by A&A (Doc. 30).

IT IS FURTHER RECOMMENDED that the Court deny the Lankfords' motion to file a second amended complaint (Doc. 31) because the proposed second amended complaint would be subject to dismissal, and the amendment is futile.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*Laura Fashing*
Laura Fashing
United States Magistrate Judge