IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID LANKFORD and
LEE ANN LANKFORD,

      Plaintiffs,

v.                                                                                    1:15-cv-01013-JCH-LF

JUDITH A. WAGNER, Chapter 11 Trustee of the
Bankruptcy Estate of the Vaughan Company, Realtors,
ARLAND & ASSOCIATES, LLC,
JAMES A. ASKEW, EDWARD A. MAZEL, and
DANIEL WHITE, of Askew & Mazel, LLC,

      Defendants.

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND DENYING SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

THIS MATTER is before the Court on Magistrate Judge Laura Fashing's Proposed Findings and Recommended Disposition ("PFRD," Doc. 50), regarding defendants Judith A. Wagner, James A. Askew, Edward A. Mazel, Daniel White, and Askew & Mazel, LLC's (collectively "A&M Defendants") motion to dismiss (Doc. 6), defendant Arland & Associates, LLC's ("A&A") motion to dismiss (Doc. 13), the A&M Defendants' motion to strike the second amended complaint (Doc. 29, joined by A&A in Doc. 30), and David and Lee Ann Lankford's motion for leave to file a second amended complaint (Doc. 31); the Lankfords' objections to the PFRD (Doc. 53), and the Lankfords' opposed second motion for leave to file second amended complaint (Doc. 51).  The Court, having considered the briefing, law, and otherwise being fully advised, will adopt the PFRD as its own; grant the A&M Defendants' motion to dismiss for lack of subject matter jurisdiction, as joined by A&A, and dismiss the amended complaint without

prejudice; *sua sponte* dismiss the claims, if any, against the judicial officers and courts with prejudice; *sua sponte* dismiss the claims for criminal prosecution under 18 U.S.C. § 1001(a)(1)–(a)(3) with prejudice; grant the A&M Defendants' motion to strike the second amended complaint, as joined by A&A; and deny the Lankfords' first motion to file a second amended complaint because the proposed second amended complaint would be subject to dismissal and the amendment is futile.  The Court also will deny the Lankfords' second motion to file the second amended compliant because the proposed second amended complaint would be subject to dismissal and the amendment is futile.

The PFRD thoroughly described the factual and procedural background of this case.  The Court declines to reiterate the same here.

I.   **OBJECTIONS**

After a magistrate judge files her recommended disposition, a party may serve and file specific written objections to the PFRD.  FED. R. CIV. P. 72(b)(2).  An objection must be both timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  When resolving objections to a magistrate judge's recommendation, the district judge must make a de novo determination regarding any part of the recommendation to which a party has properly objected.  28 U.S.C. § 636(b)(1)(C).

The Lankfords do not make any specific objections to the PFRD, but instead contend that the entire process is biased against them.  Indeed, rather than disputing Judge Fashing's application of the law or determination of the facts, the Lankfords instead state they filed a complaint with the Tenth Circuit Court of Appeals and that they will appeal.  Doc. 53.  Because the Lankfords did not make a single objection that was "sufficiently specific to focus the district

court's attention on the factual and legal issues that are truly in dispute," *One Parcel*, 73 F.3d at 1060, any objections are overruled.

## II.    MOTION TO AMEND

The Lankfords filed a second motion for leave to file a second amended complaint. Doc. 51. This motion was not before Judge Fashing.

As Judge Fashing discussed in her PFRD, motions to amend are governed by Rules 15 and 16 of the Federal Rules of Civil Procedure.[1] "Rule 15(a)(2) provides that once the deadline for amendment as a matter of course has passed, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Birch v. Polaris Indus.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting FED. R. CIV. P. 15(a)(2)). District courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Courts should deny leave to amend when "amendment would be futile." *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Serv.*, 175 F.3d 848, 859 (10th Cir. 1999). An amendment is "futile" if the pleading, "as amended, would be subject to dismissal." *In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. 571, 579–80 (D.N.M. 2010).

In the proposed second amended complaint, the Lankfords again ask the Court to grant relief from the bankruptcy court's orders, under Federal Rule of Civil Procedure 60(d)(3). The Court does not have the authority to grant a Rule 60 motion to alter judgment of a separate court in a different action. The appropriate place to bring such a request was to the bankruptcy court under Federal Rule of Bankruptcy Procedure 9024. The Lankfords' request under Rule 60 is futile because this Court cannot grant the relief they request.

---

[1] Because the Court never entered a scheduling order in this case, the Rule 16 standard does not apply.

The Lankfords again propose to bring claims under 18 U.S.C. § 1001(a)(1)–(a)(3) and to add claims under 18 U.S.C. § 241.  Both sections under Title 18 are for criminal charges.  Civil litigants do not have the authority to bring criminal charges.  *See Diamond v. Charles*, 476 U.S. 54, 74 (1986).  No amount of amendment will allow the Lankfords to bring criminal charges.

The Lankfords appear to bring claims against the bankruptcy court, the bankruptcy judge, a United States district judge, and a United States magistrate judge.  None of these entities or individuals is named as a party-defendant in the proposed second amended complaint.  Nonetheless, all of these judicial officers and bodies are absolutely immune for their actions in the underlying case, which were taken in their judicial capacity and within the scope of their authority.  *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  These claims are not permitted.

The Lankfords again attempt to bring claims against the A&M Defendants and A&A under 42 U.S.C. § 1983 for the deprivation of rights under the color of law.  Section 1983 only authorizes suits against persons acting under color of state law.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).  The state action doctrine requires that "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  While private persons can be said to act "under color of state law if they are jointly engaged with state officials in the challenged action, . . . private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is."  *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).

Here, again, the Lankfords seek to hold the Trustee in a federal bankruptcy action and the attorneys representing her liable under § 1983.  The problem is that none of the defendants acted with or under the color of any state law.  Even if the defendants in fact did everything the Lankfords accuse them of, § 1983 offers no relief because the defendants' conduct is not fairly attributable to the state and therefore is not actionable under this statute.  These claims would be subject to dismissal for failure to state a claim upon which relief can be granted.

Finally, the Lankfords seek to add claims under 42 U.S.C. § 1985.  Section 1985 authorizes a civil remedy when two or more persons conspire to deprive any citizen of the equal protection of the laws.  Unfortunately, the *Barton* doctrine, as thoroughly discussed in the PFRD, still applies.  The Lankfords were required by *Barton v. Barbour*, 104 U.S. 126 (1881), to seek and receive the bankruptcy court's permission before suing the Trustee or her counsel for actions taken in the course of their duties.  *Barton* is a jurisdictional bar.  *Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012).  While the Lankfords repeatedly contend that they sought permission from the bankruptcy judge to bring these claims, they also admit that permission was denied.  The fact that the bankruptcy judge denied leave under *Barton* is not indicative of a corrupt court, but rather a reasoned judgment that these claims are futile.

Because all of the Lankfords claims in the proposed second amendment complaint are barred or otherwise futile, justice does not require that the Court grant the motion.  Rather, justice requires that the Court deny the Lankfords' second motion for leave to file a second amended complaint because the complaint would be subject to dismissal.

IT IS THEREFORE ORDERED that:

1. Judge Fashing's Proposed Findings and Recommended Disposition (Doc. 50) is ADOPTED;

2. The A&M Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 6), as joined by A&A (Doc. 13), is GRANTED;

3. The amended complaint (Doc. 4) is dismissed without prejudice;

4. The claims, if any, against the judicial officers and courts are *sua sponte* dismissed with prejudice;

5. The claims for criminal prosecution under 18 U.S.C. § 1001(a)(1)–(a)(3) are *sua sponte* dismissed with prejudice;

6. The A&M Defendants' motion to strike the second amended complaint (Doc. 29), as joined by A&A (Doc. 30), is GRANTED;

7. The Lankfords' motion to file a second amended complaint (Doc. 31) is DENIED because the proposed second amended complaint would be subject to dismissal and the amendment is futile;

8. The Lankfords' objections to the PFRD (Doc. 53) are overruled; and

9. The Lankfords' second motion for leave to file a second amended complaint (Doc. 51) is DENIED because the proposed second amended complaint would be subject to dismissal and the amendment is futile.

_____
UNITED STATES DISTRICT JUDGE